**NOT FOR PUBLICATION**

OCT 23 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHESTER RAY WISEMAN, | No. 12-56245 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-04710-DSF-AJW |
| v. | |
| JOHN SEBOK, Correctional Sergeant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

California state prisoner Chester Ray Wiseman appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

defendants transferred him in retaliation for his legal filings.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to exhaust administrative remedies, and for clear error the district court's underlying factual determinations.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We affirm.

The district court properly dismissed Wiseman's action without prejudice because Wiseman did not exhaust prison grievance procedures concerning his claim and failed to show that exhaustion was effectively unavailable.  *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (exhaustion is mandatory and must be done in a timely manner consistent with prison policies); *Wyatt*, 315 F.3d at 1120 (dismissal for failure to exhaust is without prejudice); *cf. Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (excusing prisoner's failure to exhaust where prisoner is prevented from doing so).

**AFFIRMED.**